UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TIMOTHY WALLACE, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY SITUATED,

                                        CASE NO.:

         Plaintiff,

vs.

PROFI FACILITIES
MAINTENANCE, LLC, A
FLORIDA LIMITED LIABILITY
COMPANY, MICHAEL LOUDIS,
INDIVIDUALLY, PATRICK
CUEVA, INDIVIDUALLY, AND
KHASHAYAR FALLAHZADEH,
INDIVIDUALLY,

         Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY WALLACE, on behalf of himself and those similarly situated, sues the Defendants, PROFI FACILITIES MAINTENANCE, LLC, a Florida Limited Liability Company, MICHAEL LOUDIS, Individually, PATRICK CUEVA, Individually, and KHASHAYAR FALLAHZADEH, Individually, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorneys' fees and costs.

3.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b), and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

4.      Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's claims occurred in Broward County, Florida.

## PARTIES

5.      Plaintiff, at all times relevant to this action, Plaintiff was a resident of Broward County, Florida.

6.      Defendant, PROFI FACILITIES MAINTENANCE, LLC, is a Florida Corporation that operates and conducts business in Broward County, Florida and is therefore, within the jurisdiction of this Court.

7.      At all times relevant to this action, MICHAEL LOUDIS was an individual resident of the State of Florida, who was an owner of, and helped to operate, PROFI FACILITIES MAINTENANCE, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the

2

employees; and (c) control the finances and operations of PROFI FACILITIES MAINTENANCE, LLC.  By virtue of having regularly exercised that authority on behalf of PROFI FACILITIES MAINTENANCE, LLC, MICHAEL LOUDIS is an employer as defined by 29 U.S.C. § 201, et seq.

8.    At all times relevant to this action, PATRICK CUEVA was an individual resident of the State of Florida, who was an owner of, and helped to operate, PROFI FACILITIES MAINTENANCE, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of PROFI FACILITIES MAINTENANCE, LLC. By virtue of having regularly exercised that authority on behalf of PROFI FACILITIES MAINTENANCE, LLC, PATRICK CUEVA is an employer as defined by 29 U.S.C. § 201, et seq.

9.    At all times relevant to this action, KHASHAYAR FALLAHZADEH was an individual resident of the State of Florida, who was an owner of, and helped to operate, PROFI FACILITIES MAINTENANCE, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of PROFI FACILITIES MAINTENANCE, LLC.  By virtue of having regularly exercised that authority on behalf of PROFI FACILITIES MAINTENANCE, LLC, KHASHAYAR FALLAHZADEH is an employer as defined by 29 U.S.C. § 201, et seq.

10.    At all times material to this action, Plaintiff was an "employee" of

each Defendant, within the meaning of the FLSA.

11.    At all times material to this action, Defendant PROFI FACILITIES MAINTENANCE, LLC was, and continues to be, an "employer" within the meaning of the FLSA.

12.    This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid employee performing janitor-type duties who worked for Defendants at any time within the past three (3) years within the State of Florida.

13.    During Plaintiff's employment with Defendants, Defendant, PROFI FACILITIES MAINTENANCE, LLC, earned more than $500,000.00 per year in gross revenue.

14.    During Plaintiff's employment with Defendants, Defendant, PROFI FACILITIES MAINTENANCE, LLC, employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

15.    Included in such goods, materials and supplies were vehicles, office equipment/furniture, computers, telephones, cleaning equipment and supplies and other items which originated from outside the state of Florida.

16.    Therefore, Defendant, PROFI FACILITIES MAINTENANCE, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## <u>FLSA VIOLATIONS</u>

17.     Plaintiff was an hourly paid, non-exempt employee performing janitor duties for Defendants in Broward County, Florida.

18.     Plaintiff worked for Defendants in this capacity from approximately November 2013 to July 2016.

19.     At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff and all similarly situated employees complete overtime compensation for overtime hours worked.

20.     During his employment with Defendants, Plaintiff was paid by the hour.

21.     If Plaintiff worked overtime hours in a pay period, Plaintiff was only paid his regularly hourly rate for such hours and not an overtime rate.

22.     Other similarly situated employees to Plaintiff were also paid by the hour.

23.     These similarly situated employees were also only paid their regular rate for all overtime hours worked instead of an overtime rate of pay.

24.     Plaintiff and these similarly situated employees regularly worked overtime hours on behalf of Defendants.

25.     Defendants have violated the FLSA by failing to pay Plaintiff and these similarly situated employees time and one-half of their respective hourly rates for overtime hours worked.

26.     The additional persons who may become plaintiffs in this action are

employees who held similar positions to Plaintiff, performing janitor-type work, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

27.    Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and the similarly situated employees are in the possession and custody of Defendants.

28.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek, when they knew, or should have known, such was, and is, due.

29.    In fact, Plaintiff complained to Defendants regarding their pay practices, and was told that Defendants do not pay overtime compensation.

30.    Defendants failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

31.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

32.    Plaintiff and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty

(40) per work week.

33.     During their employment with Defendants, Plaintiff and those similarly situated employees worked overtime hours but were not paid time and one-half of their regular hourly rate for these overtime hours worked.  *See* ¶¶ 19-26.

34.     Based on information and belief, there could be as many as one hundred (100) other similarly situated employees affected by this uniform, illegal pay practice.

35.     Defendants did not have a good faith basis for their decision to not pay an overtime rate of pay to Plaintiff and other similarly situated employees for their overtime hours worked.

36.     Plaintiff even complained to Defendants about not being paid correct overtime compensation and was told Defendants do not pay overtime compensation.

37.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay complete overtime compensation to Plaintiff and those similarly situated employees, Plaintiff and those similarly situated employees have suffered damages and have incurred, and continue to incur,  reasonable attorneys' fees and costs.

38.     As a result of Defendants' lack of a good faith justification for their violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

39.     In addition, because Defendants' violation of the FLSA was willful, a three-year statute of limitations is applicable to the claims at issue.

40.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TIMOTHY WALLACE, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, a declaration that Defendants' practices violate the FLSA, and any and all further relief that this Court determines to be just and appropriate.

Dated this 24th day of October, 2016.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 245-3401
Email:       RMorgan@forthepeople.com

Angeli Murthy, Esq.
FBN 0088758
Morgan & Morgan, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Telephone:   (954) 318-0268
Facsimile:   (954) 327-3016
Email:       Amurthy@forthepeople.com
Attorneys for Plaintiff